IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DONNA BERRY                                                                           PLAINTIFF

vs.                                    Civil No. 2:13-cv-02069

MICHAEL J. ASTRUE                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Donna Berry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her applications for DIB and SSI on March 8, 2002.  (Tr. 82-85, 144).  Plaintiff alleged she was disabled due to hearing problems, migraine headaches, depression, asthma, chronic ear infections, and psoriasis.  (Tr. 144).  Plaintiffs alleged an onset date of July 1, 1999.  (Tr. 82).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."  The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff's DIB and SSI applications were denied initially and at the reconsideration levels. Following this, Plaintiff requested an administrative hearing on her applications. (Tr. 59).

Plaintiff's initial hearing was held on November 6, 2003. (Tr. 376-389). On March 4, 2004, the ALJ issued an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 14-28). That decision was appealed, and on May 30, 2006, Magistrate Beverly Stites Jones issued a Report and Recommendation for remand which was adopted in its entirety in a Judgment issued by the Hon. Jimm Larry Hendren on June 20, 2006. (Tr. 408-427).

Plaintiff had a second hearing on November 14, 2006. (Tr. 821-840). On March 29, 2007, the ALJ issued an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 400-405). That decision was appealed, and on May 21, 2008, Magistrate James Marschewski issued a Report and Recommendation for remand which was adopted in its entirety in a Judgment issued by the Hon. Jimm Larry Hendren on June 10, 2008. (Tr. 890-891).

On April 16, 2007, Plaintiff filed a subsequent application for Supplemental Security Income. (Tr. 943-945). On November 13, 2008, a hearing was held on this 2007 SSI application however, the ALJ did not address the prior 2002 applications. (Tr. 854-887). On March 5, 2009, ALJ issued an unfavorable decision, denying Plaintiff's application for SSI that had been filed in 2007. (Tr. 892-905). Following this, the Appeals Council vacated that decision, consolidated the claims and remanded the claims to the ALJ to issue a new decision on the combined applications for both Title II and Title XVI filed March 8, 2002. (Tr. 840X- 840Y).

Following the Appeals Council remand, a hearing was held on September 7, 2012. (Tr. 1906-1937). Plaintiff was present and was represented by Fred Caddell at this hearing. *See id.* Plaintiff, and her witness Paul Welch, testified at this hearing. *See id*. On the date of this hearing,

2

Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 10th grade education. (Tr. 1909).

On December 17, 2012, the ALJ entered a partially favorable decision, finding Plaintiff became disabled on April 25, 2006, but was not disabled at any time through June 30, 2005, her date last insured. (Tr. 840F-840O) The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2005. (Tr. 840H, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 1999. (Tr. 840H, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: asthma, psoriasis, arthritis, hypertension, migraines, and mood disorder. (Tr. 840H, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 840H-840I, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 840I - 840M, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that prior to April 25, 2006 Plaintiff retained the RFC to perform sedentary work, however could only occasionally climb, balance, crawl, kneel, stoop, and crouch; must avoid hazards, unprotected heights, moving machinery, temperature extremes and humidity; must avoid concentrated exposure to pulmonary irritants; could not do work requiring excellent hearing but could hear well enough to avoid common workplace hazards and to comprehend simple instructions; could not do work requiring excellent vision but could avoid normal workplace hazards and distinguish between the

3

shape and color of small objects like nuts, bolts, and screws; could understand remember and carry out simple routine and repetitive tasks; could respond to usual work situations and routine work changes; could respond to supervision that is simple, direct, and concrete; and, could occasionally interact with supervisors, co-worker, and the public.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 840M, Finding 6).  The ALJ determined Plaintiff had no PRW.  *Id.*  However, the ALJ also found that prior to April 25, 2006 Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 840M, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a charge account clerk with 388 such jobs in Arkansas and 33,391 in the national economy, brokerage quotation clerk with 625 such jobs in Arkansas and 85,689 in the national economy, and work as a lamp shade assembler with 687 such jobs in Arkansas and 35,453 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, prior to April 25, 2006, but beginning on that date, there was no work existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 840N, Finding 11).

On March 6, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 8, 2013.  ECF No. 8.  Both Parties have filed appeal briefs. ECF Nos. 16, 17.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

4

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination and (B) the ALJ erred in his credibility determination.  ECF No. 16, Pgs. 13-20.  In response, Defendant argues the ALJ did not err in any of his findings.  ECF No. 17.  Because this Court finds the ALJ erred in his credibility determination of Plaintiff, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from 20 C.F.R. § 416.929 had been considered (Tr. 840J), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records

and recognized the proper legal standard for assessing credibility.[3]  In his opinion, the ALJ only

made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence prior to April 25, 2006, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 840K).

The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed

subjective complaints and the record evidence.  The ALJ must make a specific credibility

determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any

inconsistencies between the testimony and the record.  The ALJ failed to perform this analysis.  This

lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for

further consideration consistent with *Polaski*.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 21st day of May 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).